CARNATION S. PICKRELL, WIDOW OF CLYDE R. PICKRELL, DECEASED, EMPLOYEE, PLAINTIFF v. MOTOR CONVOY, INC., EMPLOYER, TRANSPORT INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 562PA86

(Filed 2 June 1988)

Master and Servant § 56— workers' compensation—death at work—no evidence of death other than by accident—presumption that death work-related—compensability

Where the undisputed evidence indicated that decedent died while acting within the course and scope of his employment when he fell while inspecting vehicles before transporting them from railroad cars via a tractor-trailer truck to their ultimate destination, and no evidence indicated decedent died other than by accident, plaintiff could rely on a presumption that decedent's death occurred by a work-related cause, thereby making the death compensable, whether the medical reason for death was known or unknown.

Justice MEYER dissenting.

Justices WEBB and WHICHARD join in this dissenting opinion.

ON plaintiff's petition for discretionary review of a decision of the Court of Appeals, 82 N.C. App. 238, 346 S.E. 2d 164 (1986), affirming an order of the Industrial Commission entered 25 Sep-

tember 1985 denying plaintiff's claim for compensation. Heard in the Supreme Court 9 June 1987.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by J. David James, Henry N. Patterson, Jr., and Jonathan R. Harkavy, for plaintiff appellant.*

*Bell, Davis & Pitt, P.A., by Walter W. Pitt, Jr., and Joseph T. Carruthers, for defendant appellees.*

EXUM, Chief Justice.

This is a workers' compensation case in which the question presented is whether the Court of Appeals erred in holding that a presumption of compensability does not apply when an employee dies within the course and scope of employment and the cause of death is unknown. We hold the Court of Appeals erred and remand this case to the Court of Appeals for remand to the Industrial Commission for further proceedings consistent with our decision.

I.

The material facts shown by the evidence and found by the Commission are undisputed.

Defendant's business, located in Walkertown, involves unloading cars and vans from railroad cars and then reloading them onto tractor-trailer trucks for transportation to their ultimate destinations. Decedent Clyde Pickrell was employed by defendant as a tractor-trailer driver. His duties entailed loading cars and vans onto his tractor-trailer for transport. Before loading the new vehicles, decedent was required to check them carefully for any damage they might have sustained during their railroad transport. When checking for possible damage to the roof of a new van, decedent had to stand on the van's rear bumper and hold onto the door handles or top railing. Other drivers observed decedent practice this method of inspection.

At approximately 5:45 p.m. on 17 January 1983 decedent's fellow drivers found him lying dead behind a van which he had been assigned to load and transport. He lay on his back with his left leg extended under the van's rear bumper and his right leg bent toward the left. A small amount of blood came from his left

Pickrell v. Motor Convoy, Inc.

nostril. Blood was also discovered in front of his left ear. The van's bumper, which was rounded and about eighteen inches above the ground, showed a scuff mark resembling a shoe print. An outside temperature of eighteen degrees under windy conditions made outside work uncomfortable. Decedent had reported to work at approximately 2:30 p.m. that day and was dispatched on a trip to Lowell and Charlotte. He returned from this trip at around 4 p.m. and spoke with his terminal manager. It was the last time he was seen alive. No evidence was adduced before the Commission with respect to the medical reasons for his death.

The Deputy Commissioner denied the claim brought by decedent's widow for death benefits. While the Deputy Commissioner found that the decedent sustained an accident arising out of and in the course of his employment, she denied plaintiff's claim on the grounds that "his death was not proven to be the proximate result of the accident."[1] On appeal the Full Industrial Commission,

---

1. The Deputy Commissioner found:

4. The evidence is sufficient to raise the inference that plaintiff slipped while standing on the bumper of the van to inspect it for any damage, and, in the absence of medical evidence as to the cause of decedent's death, the undersigned so finds. He thereby sustained an accident arising out of and in the course of his employment with defendant-employer. However, there is no evidence as to the cause of his death. Plaintiff did not prove that decedent died as a result of injuries sustained in a fall, and that fact may not be reasonably inferred from the evidence. He could have died from a number of causes unrelated to his employment or to a fall even though he was apparently in good health before this occurred.

5. Decedent's death on January 17, 1983 was not proven to be the result of an injury by accident arising out of and in the course of his employment with defendant-employer.

. . . .

The Deputy Commissioner then commented:

There is no evidence of causation in this case. Decedent fell from a height of approximately 18 inches. The cause of his death was not apparent from his appearance and cannot be inferred from the nature of the fall in that he fell a short distance. Consequently, plaintiff has not met the necessary burden of proof.

. . . .

On the basis of the foregoing the Deputy Commissioner concluded:

Although decedent sustained an accident arising out of and in the course of his employment with defendant-employer on January 17, 1983, his death was

with Commissioner Clay dissenting, concluded that the Deputy Commissioner's "ultimate decision" was correct; however, it found the evidence insufficient to raise the inference that plaintiff suffered an accident arising out of and in the course of his employment.

The Court of Appeals affirmed the Commission's decision to deny plaintiff's claim; however, it concluded the Commission erred in deciding the evidence was insufficient to raise an inference of accident arising out of decedent's employment. The court held that because plaintiff offered no evidence of the medical reason for decedent's death she "failed to sustain her burden of proving that decedent died as a proximate result of an injury by accident arising out of his employment." 82 N.C. App. at 243, 346 S.E. 2d at 167-68. The court concluded that, under these circumstances, plaintiff could not rely on a presumption that decedent's death was compensable, but was required to prove that he died as a result of a work-related accident. *Id.*

## II.

Plaintiff contends, and we agree, that the Court of Appeals erred in holding that she could not rely on a presumption of compensability when she introduced evidence that decedent died while acting within the course and scope of his employment and no evidence was adduced indicating that decedent died other than by a compensable cause.

In order for a claimant to recover workers' compensation benefits for death, he must prove that death resulted from an injury (1) by accident; (2) arising out of his employment; and (3) in the course of the employment. N.C.G.S. § 97-2(6), (10) (1985). The claimant has the burden of proving each of these elements. *Henry v. Leather Co.*, 231 N.C. 477, 479, 57 S.E. 2d 760, 761 (1950). The question this case presents is what mode of proof claimant may use to meet her burden where the evidence shows decedent died in the course and scope of his employment, but there is no evidence 'as to whether the cause of death was work-related, *i.e.*, from an injury by accident arising out of employment.

not proven to be the proximate result of the accident. G.S. 97-2(6); G.S. 97-38; *Taylor v. Twin City Club*, 260 N.C. 435 (1963); *Gilmore v. Hoke County Board of Education*, 222 N.C. 358 (1942).

The general rule is that a claimant under such circumstances may rely upon a presumption that the death resulted proximately from a work-related injury:

> When an employee is found dead under circumstances indicating that death took place within the time and space limits of the employment, in the absence of any evidence of what caused the death, most courts will indulge a presumption or inference that the death arose out of the employment.

1 Larson, *The Law of Workmen's Compensation* § 10.32 (1985). Stated another way the rule is that:

> In the absence of evidence to the contrary, the presumption or inference will be indulged in that injury or death arose out of the employment where the employee is found injured at the place where his duty may have required him to be, or where the employee is found dead under circumstances indicating that death took place within the time and space limits of the employment. . . . Such presumptions are rebuttable and they disappear on the introduction of evidence to the contrary.

100 C.J.S. *Workmen's Compensation* § 513 (1958).

Previously we have allowed claimants to rely on presumptions in meeting their burden of proof in workers' compensation cases where the evidence indicated the death occurred in the course and scope of the decedent's employment and the only question was whether it was work-related. In *McGill v. Town of Lumberton*, 215 N.C. 752, 3 S.E. 2d 324 (1939), a town's police chief was found shot to death by his own gun in a small room with its door and windows locked. We held that plaintiff was entitled to a presumption that the police chief's death was accidental, rather than suicidal, and therefore compensable under the workers' compensation statute. In *Harris v. Henry's Auto Parts, Inc.*, 57 N.C. App. 90, 290 S.E. 2d 716, *disc. rev. denied*, 306 N.C. 384, 294 S.E. 2d 208 (1982), the decedent was a service station attendant who was found dead on the employer's premises while he was on duty. He had been shot, and no motive for the killing was introduced. The Court of Appeals, relying on *McGill*, held that claimant was entitled to rely on a presumption that death arose out of decedent's employment.

It is important to note that the presumption enabled the claimants in *McGill* and *Harris*, respectively, to prove different elements of their compensation claims. Common to both cases was that death occurred during the course and scope of employment. In *McGill* the Court held that the presumption applied to the "accident" element of the claim, and in *Harris* the Court of Appeals concluded it applied to the "arising out of" element. The *McGill* Court permitted the claimant to use the presumption to carry her burden of proving the death occurred by accident. In *Harris*, the Court of Appeals permitted the claimant to use the presumption to carry his burden of proving that death "arose out of" decedent's employment.

*McGill* and *Harris*, read together, support the proposition that the presumption is really one of compensability. It may be used to help a claimant carry his burden of proving that death was caused by accident, or that it arose out of the decedent's employment, or both. In *McGill*, we chose to address the question of compensability by determining whether death was accidental, bypassing any inquiry as to whether it "arose out of" decedent's employment. The *Harris* court analyzed the question of compensability by focusing on whether death "arose out of" decedent's employment, ignoring whether it was an accident. Both cases, in effect, merged the elements of "arising out of" and "accident," and permitted the claimant to meet her burden of proof by relying on a presumption that the event causing decedent's death was work-related.[2]

---

2. In his treatise on workers' compensation, Professor Larson demonstrates that the inquiries as to "accident" and "arising out of" are often merged when the essential question is whether the event causing death was work-related. This often occurs when the medical cause of death is a heart attack or excessive exposure:

[A] special rule on "accident" is applied in heart cases because of the difficulty of proving that heart deaths "arise out of the employment" . . . . [There is] a fear that heart cases and related types of injury and death will get out of control . . . and will become compensable whenever they take place within the time and space limits of employment. Most states have chosen to press the "accident" concept into service as one kind of arbitrary boundary, but, with a few exceptions, one gets the impression that what is behind it all is not so much an insistence on accidental quality for its own sake as the provision of an added assurance that compensation will not be awarded for deaths not really caused in any substantial degree by the employment.

1 Larson, *The Law of Workmen's Compensation* § 38.81 (1985).

Pickrell v. Motor Convoy, Inc.

In *McGill, Harris*, and the instant case, the decedent died while within the course and scope of his employment, and no evidence was introduced that death was due to a non-compensable cause. The critical question here, as in *McGill* and *Harris*, is whether death was work-related. In all three cases, those in the best position to speak to this question are the employee, whom death has silenced, and the employer. Under such circumstances, a presumption of compensability is theoretically and practically justified.

> The theoretical justification is similar to that for unexplained falls and other neutral harms: The occurrence of the death within the course of employment at least indicates that employment brought deceased within range of the harm, and the cause of harm being unknown, is neutral and not personal. The practical justification lies in the realization that, when the death itself has removed the only possible witness who could prove causal connection, fairness to the dependents suggests some softening of the rule requiring claimant to provide affirmative proof of each requisite element of compensability.

1 Larson, *The Law of Workmen's Compensation* § 10.32 (1985).

The Court of Appeals distinguished *McGill* and *Harris* from the instant case on the ground that in those cases "the cause of death . . . was known." 82 N.C. App. at 242, 346 S.E. 2d at 167. The court held "[t]he inference does not extend . . . to causation, and the claimant is not relieved of the requirement of proving that the event proximately resulted in the employee's death." *Id.* at 243, 346 S.E. 2d at 167. Although the court does not define "causation," it seems to suggest that a claimant must prove the medical reason for death before becoming entitled to any presumption of compensability.

We see no reason not to apply a presumption of compensability where the evidence shows that death occurred while the decedent was within the course and scope of employment, but the medical reason for death is not adduced. In unexplained death

---

It has been shown, for example, that in the sunstroke and freezing cases the test of "accident" has imperceptively become the same as that for "arising out of employment."

1 Larson, *The Law of Workmen's Compensation* § 38.82 (1985).

cases where the medical reason for death is known, such as *McGill* and *Harris*, the circumstances bearing on work-relatedness remain unknown. It is these circumstances, not the medical reasons for death, which are critical in determining whether a claimant is entitled to workers' compensation benefits. A blow to the head, gunshot wound or heart attack may, or may not, be compensable, depending on the manner in which the event occurred. It is this aspect of causation which the presumption of compensability, properly understood, addresses. In cases, therefore, where the circumstances bearing on work-relatedness are unknown and the death occurs within the course of employment, claimants should be able to rely on a presumption that death was work-related, and therefore compensable, whether the medical reason for death is known or unknown.

Applying such a presumption of compensability is fair because the Workers' Compensation Act should be liberally construed in order to accomplish its purpose. Employers may be in a better position than the family of the decedent to offer evidence on the circumstances of the death. Their employees ordinarily are the last to see the decedent alive, and the first to discover the body. They know the decedent's duties and work assignments. Additionally, if employers deem it necessary to determine the medical reason for death, they may notify the medical examiner of the county where the body is found, N.C.G.S. § 130A-383 (1986), and utilize the certificate of death which the medical examiner thereafter prepares. N.C.G.S. § 130A-385(a)(b) (1986). Such reports may be received as evidence, and certified copies thereof have the same evidentiary value as the originals. N.C.G.S. § 130A-392 (1986).

There is some confusion in our cases regarding the nature of the presumption of compensability in a workers' compensation case. In *McGill* the Court declared the presumption "is sufficient to raise a *prima facie* case as to accident only. Then, if employer claims death of employee is by suicide, the statute places the burden on him to go forward with proof negating the factual inference of death by accident." *McGill v. Town of Lumberton*, 215 N.C. at 754, 3 S.E. 2d at 326. While the presumption in *McGill* is called a "*prima facie* case," the effect which *McGill* gave to the presumption is that of a true presumption.

[A] prima facie case and a presumption differ sharply in their effect upon the burden of producing evidence. A prima facie case discharges the burden of the proponent, but does not shift the burden to his adversary. A presumption, however, not only discharges the proponent's burden but also throws upon the other party the burden of producing evidence that the presumed fact does not exist. If no such evidence is produced, or if the evidence proffered is insufficient for that purpose, the party against whom the presumption operates will be subject to an adverse ruling by the judge, directing the jury to find in favor of the presumed fact if the basic fact is found to have been established.

*Moore v. Insurance Co.*, 297 N.C. 375, 381-2, 255 S.E. 2d 160, 163-64 (1979) (quoting 2 Stansbury's North Carolina Evidence § 218 (Brandis rev. 1973)).

On the basis of our decision in *McGill*, we conclude the presumption of compensability in a workers' compensation case is a true presumption. Thus, in those cases where the claimant is entitled to rely on the presumption, the defendant must come forward with some evidence that death occurred as a result of a non-compensable cause; otherwise, the claimant prevails. In the presence of evidence that death was not compensable, the presumption disappears. In that event, the Industrial Commission should find the facts based on all the evidence adduced, taking into account its credibility, and drawing such reasonable inferences from the credible evidence as may be permissible, the burden of persuasion remaining with the claimant.

We conclude plaintiff was entitled to rely on a presumption of compensability. The undisputed evidence indicated decedent died while acting within the course and scope of his employment. No evidence indicated decedent died other than by accident. Under these circumstances plaintiff may rely on a presumption that decedent's death occurred by a work-related cause, thereby making the death compensable. The decision by the Court of Appeals to the contrary is reversed and the case is remanded to the Court of Appeals for remand to the Industrial Commission for further proceedings consistent with this opinion.[3]

---

3. Plaintiff also contends the Court of Appeals erred in failing to remand this case to the Industrial Commission for its consideration of plaintiff's motion, filed

Reversed and remanded.

Justice MEYER dissenting.

I cannot agree with the rule laid down by the majority today that *McGill v. Town of Lumberton*, 215 N.C. 752, 3 S.E. 2d 324 (1939), and *Harris v. Henry's Auto Parts, Inc.*, 57 N.C. App. 90, 290 S.E. 2d 716, *disc. rev. denied*, 306 N.C. 384, 294 S.E. 2d 208 (1982), have merged two of the three N.C.G.S. § 97-2 elements in a workers' compensation claim, so that the claimant may meet her burden of proof by relying on a "presumption of compensability" that the event causing decedent's death was "work-related." The majority defines "work-related" to mean "from an injury by accident arising out of employment." In effect, this definition is itself a merger of the "by accident" and "arising out of his employment" elements in N.C.G.S. § 97-2. I do not read these two cases to mean that a workers' compensation claimant may escape having to prove separately either one or the other, and certainly not both, of these elements. In short, the majority has broadened the effect of the presumptions indulged by the cases beyond any scenario envisioned when they were decided.

In *McGill*, we expressly limited the scope of the presumption to allow an "inference . . . sufficient to raise a prima facie case as to accident *only*." 215 N.C. at 754, 3 S.E. 2d at 326 (emphasis added). In *Harris*, the Court of Appeals held the presumption applicable to the "arising out of" element *only*. By defining "work-related" as a combination of these two *separate* elements, the majority ignores the intent of N.C.G.S. § 97-2 that each element must be separately proved and allows a workers' compensation claimant to rely on a presumption to furnish the proof. While previously we indulged a *presumption* that the death "arose out of" an accident and an *inference sufficient to raise a prima facie case* as to "accident" only, the majority has now created a new animal called a "presumption of compensability."

While the majority fails to disclose it, I note that the unexplained death provisions upon which Larson relies in his treatise to justify the use of a presumption in a claimant's favor apply

with the Commission, to take additional testimony concerning the cause of death. We decline to address this issue in light of our decision to remand for further proceedings.

only when *the cause of death is known* but the circumstances are not. 1 Larson, *The Law of Workmen's Compensation* § 10.32 (1985). In both *McGill* and *Harris,* the medical causation of death was known. Use of a presumption was necessary to prove that the circumstances surrounding each of the deaths met the requirements of the statutory elements defining a compensable injury. In the present case, however, we know nothing of either the cause of death or the circumstances surrounding it. The purpose of the presumption is to ease the claimant's burden of proof in situations where there is an unexplained death and no reasonable way for the claimant to provide affirmative proof of each element of compensability. That is not the case here, at least with regard to determination of the cause of death, since the claimant could have had an autopsy performed in order to ascertain that the cause of death either was or was not likely to have been accidental.

Finally, the majority's statement that "[e]mployers may be in a better position than the family of the decedent to offer evidence on the circumstances of the death" is simply not true and is in fact illogical. Reading this statement in context, the Court apparently refers to the medical circumstances of the death. An autopsy is the accepted method of determining the cause of a person's death. There is, indeed, a statutory limitation on persons who have the right to have an autopsy performed. N.C.G.S. § 130A-398 (1986). This statute lists six categories to which the right to have an autopsy performed is limited. These categories include medical examiners, district attorneys, family members, etc. An employer is within none of these categories. In contrast, the claimant of a decedent's benefits *is* authorized to cause an autopsy to be performed, provided he is the spouse, adult child or stepchild, parent, stepparent, adult sibling, guardian, relative, or person who accepts responsibility for the final disposition of the decedent's body. N.C.G.S. § 130A-398(6) (1986). The claimant, therefore, is the only person who bears the responsibility of having the cause of death medically determined and who concomitantly should bear the burden of offering such evidence.

The majority compounds the error of its reasoning by citing N.C.G.S. § 130A-383 for the proposition that employers may request the assistance of the Chief Medical Examiner's Office in determining the medical reason for the employee's death "in any

case of death resulting from accident when the deceased had been in apparent good health." N.C.G.S. § 130A-383 grants the medical examiner jurisdiction over sudden deaths "occurring in a jail, prison, correctional institution or in police custody; or occurring under any suspicious, unusual or unnatural circumstance." Even in those circumstances, the medical examiner must find an autopsy "advisable and in the public interest." N.C.G.S. § 130A-389(a) (1986). Where, as here, there is merely a private civil claim for monetary benefits, it is unlikely that an autopsy is required "in the public interest." *Id.* This statute is obviously designed to give the medical examiner jurisdiction in situations where a death may have occurred in *criminal* circumstances. N.C.G.S. § 130A-383(a) (1986). Further, N.C.G.S. § 130A-385, also cited by the majority, specifically states that "[a] copy of the report of the medical examiner investigation may be forwarded to the appropriate district attorney." N.C.G.S. § 130A-385(d) (1986). In my view, N.C.G.S. §§ 130A-383, *et seq.*, cover only those questionable deaths in which an autopsy is required in the *public* interest. An employer does not come within the parameters of these statutes in a case such as the one *sub judice*.

The situation in the case at bar is particularly egregious because the claimant did not introduce the death certificate, which would presumably have shown the medical cause of death or that such cause could not be determined. Nor do we know whether an autopsy was performed and, if so, what it revealed or even whether the claimant requested an autopsy. All the claimant did here was to assert that the death was work-related. This should not entitle the claimant to such a "presumption of compensability." The majority decision allows the potential of the perpetration of a fraud by withholding evidence.

I dissent.

Justices WEBB and WHICHARD join in this dissenting opinion.