STRICKLAND v. CENTRAL SERVICE MOTOR CO.

[94 N.C. App. 79 (1989)]

---

MYRTLE G. STRICKLAND, WIDOW OF ARNOLD G. STRICKLAND, DECEASED, EMPLOYEE-PLAINTIFF v. CENTRAL SERVICE MOTOR COMPANY, EMPLOYER, AND AETNA CASUALTY AND SURETY COMPANY, CARRIER, DEFENDANTS

No. 8810IC814

(Filed 6 June 1989)

1. **Master and Servant § 94 — workers' compensation — death benefits — automobile accident going to work — findings supported by evidence**

    In an action in which plaintiff sought workers' compensation benefits for the death of her husband on his way to work, the Industrial Commission's finding that decedent did not regain consciousness from the time of the accident until he was in the emergency room was supported by the evidence, despite a gap in the firsthand testimony, because inferences of fact drawn from circumstances are permissible and there was evidence to support the Commission's finding; the finding that decedent was unconscious prior to impact was supported by evidence; the presumption of compensability does not arise because there was evidence that decedent died other than by compensable cause; and the conclusion that decedent's death was not the direct and natural result and was not accelerated or aggravated by the injury he sustained as a result of the accident was supported by the findings.

2. **Master and Servant § 93.3 — workers' compensation — death benefit — automobile accident — expert medical testimony**

    In an action by the plaintiff to recover workers' compensation benefits for the death of her husband in an automobile

accident while going to work, the Industrial Commission did not err by allowing a neurologist to give opinion testimony, even though the neurologist was not found to be an expert in the field of ruptured berry aneurysms and even though the opinion was based on assumptions allegedly unsupported by the evidence. A medical witness need not be an expert in a particular subject to give an opinion on it, and findings supporting the assumptions were found elsewhere in the opinion to be supported by the evidence.

ON writ of certiorari of plaintiff from the Industrial Commission. Opinion and award of the full Commission filed 22 October, 1987. Heard in the Court of Appeals 24 February 1989.

This is a workers' compensation case in which plaintiff seeks workers' compensation death benefits for the death of her husband. The parties stipulated that: (1) an employment relationship existed between the plaintiff's decedent and the defendant employer; (2) the parties were subject to and bound by the provisions of the Workers' Compensation Act; and (3) the Aetna Casualty and Surety Insurance Company was the compensation carrier on the risk.

Deputy Commissioner Page heard the case, made findings of fact, and concluded that the decedent sustained an injury from an accident arising out of and in the course of his employment and that the injury consisted of lacerations and abrasions of his left temple. However, the deputy commissioner concluded that decedent's death was not the direct and natural result of the injury nor was his death accelerated by the injury. Accordingly, the deputy commissioner denied plaintiff's claim for death benefits. Plaintiff appealed to the full Commission which adopted as its own the opinion and award of the deputy commissioner and affirmed the award. From the Commission's denial of benefits, plaintiff appeals.

The evidence disclosed that at the time of the accident Arnold Strickland was 56 years of age and had been employed by the defendant for approximately 15 years, the last 9 of which he had been service manager. Decedent drove a company-owned car to and from work. On the morning of 26 June 1984 while driving to work, decedent was involved in a two-vehicle collision. Decedent was traveling south in the southbound lane and the other vehicle was traveling north. The driver of the other vehicle, a Ms. Grimes, testified she saw decedent crossing over the center line and into

STRICKLAND v. CENTRAL SERVICE MOTOR CO.

[94 N.C. App. 79 (1989)]

the oncoming lane of traffic. Ms. Grimes stated that decedent's head was down and that she attempted to attract his attention by sounding her horn. Ms. Grimes testified that decedent never looked up. Ms. Grimes drove her vehicle off the road to the right in a vain attempt to avoid a collision. The vehicles collided. The state trooper who investigated the collision testified that he found no skid marks on the pavement, indicating that decedent never attempted to stop his car or return to his lane prior to the collision.

There was conflicting evidence whether decedent was ever conscious at the scene. Ms. Grimes testified that when she approached decedent's car after the accident she observed him sitting upright behind the wheel with his head slumped down and his eyes closed. All medical personnel who treated decedent at the scene testified that they never observed decedent in a conscious state. Mrs. Strickland's deposition testimony was that someone, whose name she does not know, telephoned her on the morning of the accident. Mrs. Strickland testified that the caller had said that "Arnold had told her to call me. That he was all right. That there had been an accident." There was also evidence that the emergency room physician, Dr. Smith, had noted on the emergency room record information that decedent had briefly been conscious at the scene. The doctor's record note did not disclose and he could not remember from whom he had obtained that information.

Decedent was taken to the hospital where he was examined by Dr. Smith. Dr. Smith testified that decedent had abrasions to the left side of his forehead but no sign of deep bruising of the head. Decedent's physical condition upon arrival to the emergency room exhibited decorticate posturing which generally signals loss of function of the cortex of the brain. Decedent was unconscious during the one to one and one-half hours he was in the emergency room, except for a period of thirty seconds to a minute. During this brief period of consciousness decedent responded to Dr. Smith and said he "felt fine." Decedent then lapsed back into unconsciousness and Dr. Smith testified that decedent's condition became progressively worse. Because the hospital where decedent was being treated had no neurosurgical capability, decedent was transferred to Pitt Memorial Hospital and was placed under the care of Dr. Leonard.

Upon his arrival at Pitt Memorial decedent exhibited bilateral decerebrate posturing which signals brain stem dysfunction. This

STRICKLAND v. CENTRAL SERVICE MOTOR CO.

[94 N.C. App. 79 (1989)]

indicates that decedent's condition had deteriorated from the time he had been seen in the emergency room to the time he arrived at Pitt Memorial. Decedent remained unconscious until he died on 8 October 1984. Decedent's death certificate reveals the immediate cause of death was respiratory and cardiac arrest which was the consequence of a ruptured anterior aneurysm.

*Mast, Morris, Schulz, and Mast, by John W. Morris, for plaintiff-appellant.*

*Yates, Fleishman, McLamb and Weyher, by Bruce Berger, for defendant-appellee.*

EAGLES, Judge.

Plaintiff assigns as error the Commission's findings of fact that decedent did not regain consciousness at the scene and that decedent was unconscious before the collision. Plaintiff also challenges the Commission's conclusion that death was not accelerated and that decedent's condition was not aggravated by the collision. Finally, plaintiff asserts that the Commission erred in allowing Dr. Freedman, a neurologist, to testify as an expert. We hold that the Commission's findings of fact are supported by the evidence and that the conclusions of law are supported by the findings. Additionally, the Commission did not err in allowing a neurologist to testify as an expert. Accordingly, we affirm the opinion and award.

[1] The Commission's findings of fact are conclusive on appeal if supported by competent evidence. This is so even though there may be evidence which would support findings to the contrary. *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981). The Workers' Compensation Act vests the Commission with full authority to find facts. The Commission is the sole judge of credibility and the weight to be given the witnesses' testimony. *Anderson v. Lincoln Construction Co.*, 265 N.C. 431, 144 S.E. 2d 272 (1965). Here, our function is not to weigh the evidence but is to determine whether the record contains any competent evidence tending to support the findings. *Id.*

The Commission found that "[t]he deceased employee plaintiff did not . . . regain consciousness from the time of the accident until he was in the . . . Emergency Room some thirty minutes later." Plaintiff contends that there was no evidence presented by defendant regarding decedent's state of unconsciousness for a

few minutes at the scene of the accident. Because of this "gap" in evidence, plaintiff argues there is no competent evidence on which the Commission could base its finding that decedent never regained consciousness at the scene. Further, defendant argues that this was a critical finding, necessary to support the hypothetical situation that was the basis of expert opinion given by defendant's witness. Plaintiff also contends that there is uncontroverted evidence that decedent was conscious for a brief time at the scene. We do not agree with plaintiff's argument. Although there is a gap in firsthand testimony about decedent's state of consciousness, inferences of fact from circumstances when reasonably drawn are permissible. The fact that other reasonable inferences could have been drawn by the trier of fact is no indication of error. If there is any evidence of substance which directly or by reasonable inference tends to support the Commission's findings, this court is bound by the finding. *Porterfield v. RPC Corp.*, 47 N.C. App. 140, 266 S.E. 2d 760 (1980). There was evidence before the Commission to support its finding that decedent was never conscious at the scene. Although plaintiff presented evidence to the contrary, the Commission has full authority to weigh the evidence and find the facts.

The Commission also found that decedent was unconscious prior to the collision. Plaintiff asserts that there was no positive proof of decedent's state of consciousness prior to impact since he was alone in the car. Plaintiff relies on *Sloan v. Light Co.*, 248 N.C. 125, 102 S.E. 2d 822 (1958), and contends there is a presumption that decedent was conscious prior to the accident since he was conscious when he left home. In *Sloan*, the Court stated that "a factual situation once proven is presumed to continue in existence unless there is proof to the contrary." *Id.* at 133, 102 S.E. 2d at 828. Plaintiff also relies on *Pickrell v. Motor Convoy, Inc.*, 322 N.C. 363, 368 S.E. 2d 582 (1988) to argue that the presumption of compensability applies. We are not persuaded. Even if decedent is presumed to have remained conscious until proven otherwise, there was evidence from which the Commission could find that decedent was unconscious prior to the collision. Evidence that supports this finding consists of Ms. Grimes' testimony regarding decedent's initial inattentiveness, her unsuccessful attempts to attract his attention and that decedent was "looking down." In addition, the state trooper testified that there was no indication decedent applied his brakes or otherwise attempted to avoid the collision.

Plaintiff's reliance on *Pickrell* is misplaced. The presumption of compensability is applicable only where there is no evidence indicating that decedent died other than by a compensable cause. *Id.* at 371, 368 S.E. 2d at 587. In the present case there is evidence that decedent died other than by a compensable cause, i.e., ruptured anterior aneurysm. Therefore, the compensability presumption does not apply here.      .

The Commission concluded that decedent's death "was not the direct and natural result nor was it accelerated or aggravated by the injury he sustained as a result of the accident," i.e., abrasions and lacerations of his left temple. Plaintiff assigns error to this conclusion. The question before us is whether the Commission's findings of fact justify the legal conclusion. *Hansel, supra; Byers v. Highway Comm.*, 275 N.C. 229, 166 S.E. 2d 649 (1969). We hold that the findings support the conclusion that death was not accelerated or aggravated by the injury. There was ample evidence presented and findings made regarding the rupture of decedent's aneurysm prior to the collision. Additionally, there was evidence that as a result of the collision decedent suffered no broken bones and only superficial abrasions on his forehead. Plaintiff relies heavily on the evidence that the windshield of the car in which decedent was traveling was broken. However, there was no evidence nor finding that the cause of the break was contact with decedent's head. In light of the uncontroverted evidence presented regarding the lack of any deep bruising or swelling of decedent's head, it is unlikely that the broken windshield was caused by contact with decedent's head. Plaintiff's assignment of error is overruled.

[2]  Finally, plaintiff asserts the Commission erred in allowing a neurologist to give opinion testimony. First, plaintiff argues that the neurologist was not found to be an expert in the field of ruptured berry aneurysms and was therefore not competent to offer opinions in conflict with those of the treating neurosurgeon. Second, plaintiff argues the opinion testimony must be stricken from the record because it was based on assumptions not supported by the evidence. We find no merit to plaintiff's arguments. "A medical witness need not, as a matter of law, be a specialist in a particular subject to give an opinion on it." *Robinson v. J. P. Stevens and Co., Inc.*, 57 N.C. App. 619, 624, 292 S.E. 2d 144, 147 (1982). It was entirely proper for the Commission to include the testimony of a neurologist in its determination of the facts and evidence. Plaintiff's assertion that the neurologist's opinion was based on as-

sumptions not supported by the evidence depends on our disapproving the Commission's findings that decedent was unconscious prior to the collision and remained unconscious until he was at the hospital. Based on our disposition of those arguments, we find no merit here.

Because plaintiff has failed to argue the remaining seven assignments of error listed in the record, they are deemed abandoned. Rule 28(b), N.C. Rules App. Pro.

For the reasons stated, we affirm the opinion and award of the Industrial Commission.

Affirmed.

Judges COZORT and GREENE concur.