The undersigned have reviewed the decision based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, based upon all of the competent, credible, and convincing evidence of record, the undersigned make the following
 FINDINGS OF FACT
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. On February 22, 1994, the employer-employee relationship existed between the defendant-employer and the decedent.
3. The decedent was employed as a truck driver with the defendant-employer for approximately twenty-two years. His job included the delivery and unloading of food products to the defendant-employer's customers, which were mostly restaurants.
4. The decedent was not scheduled to work on February 22, 1994, but was "on call." In that situation, if a regularly scheduled driver failed to report to work, the on-call person was required to handle that person's route on that day. This was a normal activity and something that the decedent had done in a regular manner during his many years of service to the defendant-employer. Because the driver for the High Point/Thomasville route did not report to work on February 22, 1994, the decedent was called in to handle the deliveries for that route.
5. There was nothing unusual about the route, the hours, or the amount or type of deliveries required of the decedent on that day.
6. The decedent began the route around 7:30 a.m. on February 22, 1994. He completed the fourteenth of seventeen required stops on the route around 4:30 p.m. However, he failed to report back in and to return the truck that evening. The defendant-employer began trying to locate the decedent, calling his wife and police departments in the surrounding areas. The decedent was found dead in his truck the next morning by an employee of the restaurant to whom the decedent made his last delivery.
7. An autopsy was performed, which stated the case of death as ischemic heart disease. The decedent had severe heart disease in that two of his main coronary arteries were more than 95% occluded by fat deposits. This clogging, also known as hardening of the arteries, allowed very little blood with oxygen to get to the decedent's heart muscle. In turn, this made the heart muscle have to work harder to pump in order to compensate. The cause of the decedent's death was cardiac arrhythmia, which was a sudden, fatal irregular heart beat, precipitated by the severe ischemic heart disease. The decedent's heart disease developed over a long period of time.
8. The autopsy revealed no evidence of trauma or stroke. Based upon the decedent's autopsy findings, he could have suddenly died of an arrhythmia in a completely sedentary state without any overexertion.
9. The decedent did not sustain an injury by accident arising out of and in the course of his employment with the defendant on February 22, 1994. Instead he died of natural causes on February 22, 1994.
***********
Based upon the foregoing findings of fact, the undersigned make the following
 CONCLUSIONS OF LAW
1. The decedent died in the course of his employment with the defendant-employer. N.C. Gen. Stat. Section 97-2(6).
2. Where circumstances bearing on work-relatedness are unknown and where the death occurs within the course of employment, plaintiff should be able to rely on a presumption that death was work-related and therefore compensable, whether the medical reason for death is known or unknown. Melton v. City of RockyMount, 118 N.C. App. 249, 254-255 (1995), citingPickrell v. Motor Convoy, Inc., 322 N.C. 363, 370
(1988). This presumption of compensability then requires the defendant to come forward with some evidence that the death occurred as a result of a non-compensable cause. Otherwise, the plaintiff prevails. Pickrell, 322 N.C. at 371. In the presence of sufficient competent evidence that the death was not compensable, the presumption is successfully rebutted. The Industrial Commission should then find the facts based on all the evidence adduced, drawing such reasonable inferences from the competent, credible, and convincing evidence as may be permissible, the burden of persuasion remaining with the plaintiff. Id.
3. In the case at hand, the defendants have successfully rebutted the presumption of compensability by presenting competent, credible, and convincing evidence that the cause of the decedent's death was severe heart disease which caused a fatal irregular heart beat. Id. There was no convincing evidence of any unusual or extraordinary exertion by the decedent. See Bellamy v. Morace Stevedoring Co.,258 N.C. 327 (1962). According to the facts adduced from the evidence and reasonable inferences drawn therefrom, the decedent, thus, did not sustain an injury by accident arising out of his employment with the defendant-employer. N.C. Gen. Stat. Section97-2(6).
4. The plaintiff's claim is therefore not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. Section 97-1 et. seq.
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 ORDER
1. The plaintiff's claim must be, and the same is, DENIED.
2. Each side shall pay its own costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the ___ day of ____________, 1999.
 S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
(Participated on the Full Commission panel but unavailable for signature due to illness).
CHRISTOPHER SCOTT COMMISSIONER
JHB:kws