IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-623

No. COA22-188

Filed 20 September 2022

North Carolina Industrial Commission, I.C. No. 17-030792

JAMES FRYE, ANTHONY FRYE, and APRIL FRYE, Next of Kin of TONEY A. FRYE, Deceased Employee, Plaintiffs,

v.

HAMROCK, LLC, Employer, CAROLINA MUTUAL INS. CO., Carrier, Defendants.

Appeal by defendants from opinion and award entered 8 November 2021 by the North Carolina Industrial Commission. Heard in the Court of Appeals 10 August 2022.

*Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A., by Andrew J. Howell, for plaintiffs-appellees.*

*Orbock Ruark & Dillard, PC, by Barbara E. Ruark, for defendants-appellants.*

ZACHARY, Judge.

¶ 1　　Defendants Hamrock, LLC and Carolina Mutual Insurance Company appeal from an Opinion and Award entered on 8 November 2021 by the full North Carolina Industrial Commission "determin[ing] that the Employee's death was compensable under the Workers' Compensation Act." After careful review, we affirm.

## I.　Background

¶ 2　　On 18 July 2017, Toney A. Frye ("Decedent") was driving a "dump truck filled

with a load of asphalt" for his employer, Defendant Hamrock, LLC. As Decedent drove southbound down Coxes Creek Mountain on a stretch of U.S. Highway 226 in Marion that "is steeply graded, curvy, and notorious for motor vehicle accidents[,]" the dump truck crossed the double yellow lines and collided head-on with an oncoming vehicle. The dump truck then crashed into an embankment before coming to rest on its side.

¶ 3        Multiple witnesses observed Decedent's truck prior to the accident. Among these witnesses was Special Agent Jennifer Trantham, who was traveling northbound on Highway 226 when she noticed Decedent's truck traveling southbound "at an unsafe speed." She reported that she saw Decedent immediately prior to the accident with "what appeared to be, a cigarette in his left hand with his left arm resting on the window sill [sic]" and "[h]eavy smoke . . . billowing from the rear axles of the truck." Later, at her deposition in this matter, Special Agent Trantham added that Decedent was "very conscious" and appeared "very calm" when she saw him, and that he did not appear "slumped over the wheel or down in the cab."

¶ 4        Decedent and the front-seat passenger of the oncoming vehicle were declared dead at the scene. The EMS Narrative from the scene stated that Decedent was "pinned in pulseless and not breathing[,]" having suffered a "crush injury . . . due to the weight applied to [Decedent] from the truck." The EMS Narrative also reported that the extrication process was "extended[,]" exceeding twenty minutes, because of "the metal wrapped around the driver compartment[.]" Decedent's death certificate

stated that his "immediate cause" of death was "multi-system trauma" and "motor vehicle collision."

¶ 5        Eugene R. Edwards, a paramedic who responded to the accident, reported that the roof of the dump truck appeared to have "collapsed on to [Decedent]'s head and back pinning him between the roof and steering wheel." Edwards and the McDowell County Medical Examiner later "examined Decedent at the funeral home," at which time Edwards noted "a hematoma to the back of the head . . . [approximately] 2.5 inches in diameter protruding outward [approximately] 1" in height[,]" as well as, *inter alia,* multiple lacerations to the head and bruising to the shoulder and back. Edwards also reported that "an autopsy was initially 'refused' as the physician . . . felt [it] would not benefit the outcome[.]"

¶ 6        On 19 July 2017, Defendants filed a Form 19 Employer's Report of Employee's Injury or Occupational Disease to the Industrial Commission, as well as a motion for an autopsy. *See* N.C. Gen. Stat. § 97-27 (2021). Defendants' motion was granted that same day. On 20 July 2017, Dr. Brent Hall conducted an autopsy and concluded that "[t]he cause of death in this case was ischemic heart disease secondary to coronary heart disease." He also noted "multiple fresh abrasions of the head, trunk, and extremities" but did not identify any "significant trauma."

¶ 7        On 9 October 2017, Defendants filed a Form 61 Denial of Workers' Compensation Claim. The stated reason for the denial was: "No injury by accident

during the normal course and scop[e] of employment. The employee's cause of death was related to an idiopathic health condition and not related to any trauma or work incident." On 24 August 2018, Plaintiffs' counsel filed a Form 33 Request that Claim be Assigned for Hearing. On 23 October 2018, Defendants filed a Form 33R Response to Request that Claim be Assigned for Hearing, asserting that:

> [Decedent]'s accident and death were caused by an underlying heart condition. Defendants contend that [Decedent] had a heart condition that precipitated both the accident and resulting in his death. Defendants contend that the autopsy report confirms that [Decedent] did not die of any cause that would have been due to the work-related accident.

¶ 8        This matter came on for hearing, via deposition testimony only, before the Deputy Commissioner. Among the witnesses who provided deposition testimony were Special Agent Trantham and Dr. Hall. On 8 April 2020, the Deputy Commissioner entered an Opinion and Award denying the claim. Plaintiffs' counsel timely filed notice of appeal to the full North Carolina Industrial Commission.

¶ 9        On 13 August 2020, the matter came before the Full Commission, and on 8 November 2021, the Full Commission entered its Opinion and Award. The Full Commission concluded that Plaintiffs were entitled to the *Pickrell* presumption— that, "where the circumstances bearing on work-relatedness are unknown and the death occurs within the course of employment, claimants should be able to rely on a presumption that death was work-related, and therefore compensable, whether the

medical reason for death is known or unknown[,]" *Pickrell v. Motor Convoy, Inc.*, 322 N.C. 363, 370, 368 S.E.2d 582, 586 (1988)—and that Defendants had not provided sufficient evidence to rebut the presumption. Alternatively, the Full Commission concluded that Plaintiffs had shown that "Decedent was exposed to a special hazard" because "Decedent's position in attempting to control a dump truck loaded with asphalt careening down the mountainside[ ] subjected him to unusually stressful and extreme conditions of his employment."

¶ 10        Accordingly, the Full Commission entered an award of 500 weeks of death benefits, beginning from Decedent's date of death, to Plaintiffs James Frye, Anthony Frye, and April Frye, Decedent's children and next of kin. The Full Commission also ordered that Defendants pay Decedent's burial and funeral costs, not to exceed $10,000.00, as well as "all medical bills for Decedent that were incurred as a result of his death." Defendants timely filed notice of appeal.

## II.        Discussion

¶ 11        On appeal, Defendants argue (1) that the Full Commission erred by concluding that the *Pickrell* presumption applies in this case; (2) that, even if the *Pickrell* presumption does apply, Defendants have successfully rebutted it; and (3) that the Full Commission erred by concluding, in the alternative, that Decedent's heart attack was the result of a work-related accident.

### A. Standard of Review

¶ 12 "Appellate review of an award from the Industrial Commission is generally limited to two issues: (i) whether the findings of fact are supported by competent evidence, and (ii) whether the conclusions of law are justified by the findings of fact." *Chambers v. Transit Mgmt.*, 360 N.C. 609, 611, 636 S.E.2d 553, 555 (2006), *reh'g denied*, 361 N.C. 227, 641 S.E.2d 801 (2007). Because the Commission "is the sole judge of the weight and credibility of the evidence," its "findings of fact are conclusive on appeal if supported by competent evidence[.]" *Blackwell v. N.C. Dep't of Pub. Instruction*, 282 N.C. App. 24, 2022-NCCOA-123, ¶ 5 (citation omitted). Thus, in reviewing an opinion and award of the Industrial Commission, "our function is not to weigh the evidence but is to determine whether the record contains any competent evidence tending to support the findings." *Strickland v. Cent. Serv. Motor Co.*, 94 N.C. App. 79, 82, 379 S.E.2d 645, 647, *disc. review denied*, 325 N.C. 276, 384 S.E.2d 530 (1989).

¶ 13 "Findings not supported by competent evidence are not conclusive and will be set aside on appeal. But findings supported by competent evidence are conclusive, even when there is evidence to support contrary findings." *Johnson v. Covil Corp.*, 212 N.C. App. 407, 408–09, 711 S.E.2d 500, 502 (2011) (citations and internal quotation marks omitted). "Unchallenged findings of fact are presumed to be supported by competent evidence and are binding on appeal." *Fields v. H&E Equip. Servs., LLC*, 240 N.C. App. 483, 485–86, 771 S.E.2d 791, 793 (2015) (citation omitted).

¶ 14      The Commission's conclusions of law are reviewed de novo. *Blackwell*, 282 N.C. App. 24, 2022-NCCOA-123, ¶ 5. Under de novo review, this Court "considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Fields*, 240 N.C. App. at 486, 771 S.E.2d at 793–94 (citation omitted).

## B. Analysis

¶ 15      Defendants first argue that the Full Commission erred by concluding that the *Pickrell* presumption is applicable to this case, and that if it does apply, they have successfully rebutted the presumption. We disagree.

¶ 16      "In order for a claimant to recover workers' compensation benefits for death," the claimant bears the burden of proving "that death resulted from an injury (1) by accident; (2) arising out of his employment; and (3) in the course of the employment." *Pickrell*, 322 N.C. at 366, 368 S.E.2d at 584; *see* N.C. Gen. Stat. § 97-2(6), (10). In *Pickrell*, our Supreme Court examined the question of "what mode of proof" a claimant may use to meet this burden "where the evidence shows [the] decedent died in the course and scope of his employment, but there is no evidence as to whether the cause of death was work-related, *i.e.*, from an injury by accident arising out of employment." 322 N.C. at 366, 368 S.E.2d at 584.

¶ 17      Our Supreme Court explained that "[t]he general rule is that a claimant under such circumstances may rely upon a presumption that the death resulted proximately from a work-related injury[.]" *Id.* at 367, 368 S.E.2d at 584. Thus, our Supreme Court

articulated what is commonly known as the *Pickrell* presumption:

> In cases . . . where the circumstances bearing on work-relatedness are unknown and the death occurs within the course of employment, claimants should be able to rely on a presumption that death was work-related, and therefore compensable, whether the medical reason for death is known or unknown.

*Id.* at 370, 368 S.E.2d at 586. This presumption "may be used to help a claimant carry [the claimant's] burden of proving that death was caused by accident, or that it arose out of the decedent's employment, or both." *Id.* at 368, 368 S.E.2d at 585.

¶ 18 "The first step in the analysis is whether the presumption applies, based upon the facts of the case." *Gray v. United Parcel Servs., Inc.*, 212 N.C. App. 674, 678, 713 S.E.2d 126, 129, *disc. review and cert. denied*, 365 N.C. 351, 717 S.E.2d 743 (2011). Once the Commission determines that a claimant is entitled to rely upon the *Pickrell* presumption, "the defendant must come forward with some evidence that death occurred as a result of a non-compensable cause; otherwise, the claimant prevails." *Pickrell*, 322 N.C. at 371, 368 S.E.2d at 586. However,

> [i]n the presence of evidence that death was not compensable, the presumption disappears. In that event, the Industrial Commission should find the facts based on all the evidence adduced, taking into account its credibility, and drawing such reasonable inferences from the credible evidence as may be permissible, the burden of persuasion remaining with the claimant.

*Id.*

Defendants contend that the Full Commission erred by concluding that the *Pickrell* presumption applies in the instant case for two reasons. First, Defendants argue that the *Pickrell* presumption should only apply when the claimant is "found dead" and that the presumption "should not be broadened to encompass the facts of the current case." Second, Defendants argue that the *Pickrell* presumption should not apply because there is evidence that Decedent died as a result of a non-compensable cause.

### 1. *"Found Dead"*

Defendants first argue that the Full Commission erred in applying the *Pickrell* presumption because it failed to consider—or even acknowledge—the requirement that a claimant be "found dead" in order for the *Pickrell* presumption to apply. However, Defendants' argument construes *Pickrell* too narrowly.

Defendants' argument is primarily predicated on our Supreme Court's justification of the *Pickrell* presumption, in part, on the basis that "[i]n unexplained death cases where the medical reason for death is known, . . . the circumstances bearing on work-relatedness remain unknown. It is these circumstances, not the medical reasons for death, which are critical in determining whether a claimant is entitled to workers' compensation benefits." *Id.* at 369–70, 368 S.E.2d at 586. Our Supreme Court reasoned that a presumption of compensability would be appropriate in these cases because, *inter alia*, "[e]mployers may be in a better position than the

family of the decedent to offer evidence on the circumstances of the death. Their employees ordinarily are the last to see the decedent alive, and the first to discover the body." *Id.* at 370, 368 S.E.2d at 586.

¶ 22        Defendants rely on this language to support their argument that the *Pickrell* presumption should not apply in the case at bar because Decedent's "coworkers were not the last individuals to see him alive and were not the individuals to discover [his] body." Defendants further argue that Decedent "was not found dead, as there were several individuals who witnessed the events leading up to the motor vehicle accident" and "no one contends that a passerby happened upon [Decedent]'s wrecked vehicle and found him dead inside." As such, Defendants maintain that the Full Commission erred by expanding the scope of the *Pickrell* presumption "beyond what [our Supreme Court] originally intended."

¶ 23        However, careful review of *Pickrell* and subsequent case law shows that being "found dead" is not, in and of itself, a necessary condition for application of the presumption as articulated by our Supreme Court. Defendants acknowledge as much, noting that "[a]s time has passed," our appellate courts have, "without explanation, . . . sometimes failed to apply the requirement" that the deceased employee be "found dead." Indeed, as our Supreme Court articulated in *Pickrell*, the presumption applies in cases "where the circumstances bearing on work-relatedness are unknown and the death occurs within the course of employment, . . . whether the medical reason for

death is known or unknown." *Id.* A decedent being "found dead" may naturally inform the application of the *Pickrell* presumption, given that it is a fact-dependent analysis, *see Gray*, 212 N.C. App. at 678, 713 S.E.2d at 129, and it is the "circumstances bearing on work-relatedness" that "are critical in determining whether a claimant is entitled to workers' compensation benefits[,]" *Pickrell*, 322 N.C. at 370, 368 S.E.2d at 586.

¶ 24        Accordingly, Defendants' argument is overruled.

### 2. *Compensable Cause of Death*

¶ 25        Defendants next argue that the *Pickrell* presumption does not apply in this case because "there is evidence that [Decedent] died from a cause other than a compensable cause[.]" Defendants contend that Dr. Hall's autopsy "confirmed that [D]ecedent died from a heart attack and that he was dead prior to the time of any impact[,]" and that this Court has held that the *Pickrell* presumption "is applicable . . . only where there is no evidence that [the] decedent died other than by a compensable cause." *Gilbert v. Entenmann's, Inc.*, 113 N.C. App. 619, 623, 440 S.E.2d 115, 118 (1994). However, as Defendants candidly acknowledge in their brief, this Court has previously distinguished *Gilbert* with respect to deaths attributable to heart attacks.

¶ 26        In *Wooten v. Newcon Transportation, Inc.*, the defendants relied upon *Gilbert* for the same principle as do Defendants in the present case. 178 N.C. App. 698, 702, 632 S.E.2d 525, 528 (2006), *disc. review denied*, 361 N.C. 704, 655 S.E.2d 405 (2007).

The *Wooten* Court explained that

> in *Gilbert*, the Court concluded that [the] plaintiff was not entitled to the *Pickrell* presumption because [the] decedent died from a subarachnoid hemorrhage, which is not a compensable cause. In contrast, an injury caused by a heart attack may be compensable if the heart attack is due to an accident, such as when the heart attack is due to *unusual or extraordinary exertion* or extreme conditions.

*Id.* (citation and internal quotation marks omitted); *see also Pickrell*, 322 N.C. at 370, 368 S.E.2d at 586 ("A . . . heart attack may, or may not, be compensable, *depending on the manner in which the event occurred*." (emphasis added)). Further, the *Wooten* Court "note[d] that there was no evidence . . . that [the] decedent died by other than a compensable cause" because the Full Commission concluded in the opinion and award on review in that case that "the evidence fail[ed] to show whether [the] decedent had a heart attack that caused the motor vehicle accident or whether the circumstances of the accident caused [the] decedent's heart arrhythmia." 178 N.C. App. at 703, 632 S.E.2d at 528.

¶ 27        Here, as in *Wooten*, the Full Commission found that "the exact cause of [Decedent]'s heart attack remains unknown." Notably, the Full Commission expressly gave weight to the deposition testimony of Defendants' expert, Dr. Hall, in which he "admitted that he could not, to a reasonable degree of medical certainty, give an opinion as to 'whether [Decedent] had this accident because of a heart attack or whether he had a heart attack because of the circumstances of this accident.' " This

last finding is significantly similar to the dispositive finding in *Wooten* that "the evidence fail[ed] to show whether [the] decedent had a heart attack that caused the motor vehicle accident or whether the circumstances of the accident caused [the] decedent's heart arrhythmia." *Id.* As "our function is not to weigh the evidence but is to determine whether the record contains any competent evidence tending to support the findings[,]" *Strickland*, 94 N.C. App. at 82, 379 S.E.2d at 647, and the record contains competent evidence in the form of Defendants' expert's testimony, we are bound by the Full Commission's weighing of this evidence.

¶ 28        Defendants do not challenge the finding of fact that recites relevant portions of Special Agent Trantham's testimony:

> Special Agent Trantham testified that [Decedent] "was traveling at a high rate of speed" and appeared "very calm." She further testified that [Decedent] "traveled over into her lane" as he was "coming out of a curve." She recalled that [Decedent]'s "head was turned to be able to see her" and "he had his arm hanging out of the window . . . and it appeared that he had a cigarette in his . . . left hand." According to Special Agent Trantham, [Decedent] was "very conscious" and did not appear "slumped over the wheel or down in the cab."

(Ellipses in original).

¶ 29        Nevertheless, Defendants challenge the Full Commission's related finding that, in pertinent part, "the Full Commission gives weight to the testimony of Special Agent Trantham who saw [Decedent] moments before his death, driving his vehicle

while 'very conscious,' but also not in complete control of his loaded dump truck, traveling at an unsafe speed down a curvy, steep mountain road." However, as stated above, the Full Commission "is the sole judge of the weight and credibility of the evidence," and its "findings of fact are conclusive on appeal if supported by competent evidence[.]" *Blackwell*, 282 N.C. App. 24, 2022-NCCOA-123, ¶ 5 (citation omitted). We are similarly bound by the Full Commission's determination to "give[ ] weight to the testimony of Special Agent Trantham" and, as the Full Commission's findings are supported by her testimony, this challenged finding of fact is conclusive on appeal. *See id.*

¶ 30        Accordingly, the Full Commission's findings of fact support its conclusion that "[t]he greater weight of the evidence indicates that the circumstances regarding the work-relatedness of Decedent's heart attack are unknown and that the death occurred as the result of an injury by accident sustained in the course and scope of Decedent's employment." In that "the circumstances [of Decedent's death] bearing on work-relatedness are unknown and the death occur[red] within the course of employment[,]" *Pickrell*, 322 N.C. at 370, 368 S.E.2d at 586, the Full Commission appropriately concluded that the *Pickrell* presumption applies in this case and therefore "the burden shift[ed] to Defendants to rebut this presumption and show that the heart attack did not arise out of the employment."

### 3. *Rebuttal of the* Pickrell *Presumption*

¶ 31        Defendants next argue that "they have rebutted the [*Pickrell*] presumption and it no longer exists." "In order to rebut the presumption, the defendant has the burden of producing credible evidence that the death was not accidental or did not arise out of employment." *Wooten*, 178 N.C. App. at 703, 632 S.E.2d at 528 (citation and internal quotation marks omitted).

¶ 32        In its Opinion and Award, the Full Commission "conclude[d] that Defendants have shown that Decedent died from a heart attack but have not provided sufficient evidence that the death occurred as a result of a non-compensable cause." Much of Defendants' argument to the contrary is a rehash of their assertions regarding the weight of the evidence in the record. However, the "Commission is the sole judge of the weight and credibility of the evidence," *Blackwell*, 282 N.C. App. 24, 2022-NCCOA-123, ¶ 5 (citation omitted), and thus this Court will not reweigh the evidence on appeal.

¶ 33        Defendants also argue that this case is distinguishable from *Wooten*, in which this Court held that "the Commission correctly concluded that [the] defendants did not rebut the [*Pickrell*] presumption of compensability" where it was "undisputed that [the] decedent was involved in an accident," 178 N.C. App. at 703, 632 S.E.2d at 529, and where "[t]he evidence fail[ed] to show whether [the] decedent had a heart attack that caused the motor vehicle accident or whether the circumstances of the accident caused [the] decedent's heart arrhythmia[,]" *id.* at 703, 632 S.E.2d at 528. Defendants

argue that "the competent evidence in this case is that the heart attack precipitated [Decedent]'s loss of control of the vehicle. The only credible evidence in this case establishes that [Decedent] was already deceased at the time of the actual collision."

¶ 34          In fact, there is competent evidence in the record to support the inference that losing control of the truck precipitated Decedent's heart attack. In his deposition, Dr. Hall testified that a "stressful event" such as losing control of a speeding truck "could predispose one to a heart attack." In addition, North Carolina Highway Patrol Trooper Justin Sanders, who oversaw the investigation of the accident, testified in his deposition that, based upon his measurements and analysis of the tire impressions made by Decedent's truck leading up to the accident, it was his opinion that Decedent "was operating the vehicle" and was "applying the brake[s]" on the dump truck prior to the collision. Indeed, Trooper Sanders further testified that it was "obvious that [Decedent was] trying to control [the truck] and keep it in the road."

¶ 35          Neither the record in this case nor the binding findings of fact support Defendants' argument that "[t]he *only* credible evidence in this case establishes that [Decedent] was already deceased at the time of the actual collision" or that "the heart attack precipitated [Decedent]'s loss of control of the vehicle." (Emphasis added). "Therefore, [D]efendants have failed to meet their burden of showing that [Decedent's heart attack] occurred prior to and caused [his] injury by accident[,]" *id.* at 702, 632 S.E.2d at 528, and Defendants' argument must be overruled.

As we conclude that the Full Commission properly concluded that the *Pickrell* presumption applied in this case and Defendants have not successfully rebutted the presumption, we need not address Defendants' final argument that the Full Commission erred by concluding, in the alternative, that Decedent's heart attack was the result of a work-related accident.

### III.  Conclusion

For the foregoing reasons, the Opinion and Award of the Full Commission is affirmed.

AFFIRMED.

Judges WOOD and GRIFFIN concur.