MARY GRAY, Plaintiff, widow of DAVID D. GRAY, Deceased Employee v. UNITED PAR-
CEL SERVICES, INC., Employer, LIBERTY MUTUAL INSURANCE COMPANY,
Carrier

No. COA10-754

(Filed 21 June 2011)

**1. Workers' Compensation— Pickrell presumption—presumption
    rebutted**

The Industrial Commission erred in a workers' compensation
case where it correctly concluded that the *Pickrell* presumption
applied to plaintiff's workplace death, but erroneously held that
the presumption had not been rebutted by defendant's expert tes-
timony. On remand, plaintiff had the burden of showing that the
death was the result of an accident arising out of the course and
scope of employment.

**2. Workers' Compensation— denial of extension of time—no
    abuse of discretion**

The Industrial Commission did not abuse its discretion in a
workers' compensation case by denying defendants' motion for
extension of time to take additional expert testimony where the
case was already over seven years old and the additional testi-
mony would have been duplicative.

Appeal by defendants from opinion and award entered 10 March
2010 by the North Carolina Industrial Commission. Heard in the
Court of Appeals 12 January 2011.

*Teague Rotenstreich Stanaland Fox & Holt, PLLC, by Paul A.
Daniels and Lyn K. Broom, for plaintiff-appellee.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by J.A.
Gardner, III, Jennifer I. Mitchell, and M. Duane Jones, for
defendants-appellants.*

STEELMAN, Judge.

Where Dr. Welborne clearly stated that Gray's death was not
work-related, this testimony rebutted the *Pickrell* presumption, and
the Commission erred in its application of the *Pickrell* presumption.
This case is remanded for the Commission to determine whether
plaintiff has met her burden of proof of establishing that the death

was a result of an accident arising out of the course and scope of employment. The Commission did not abuse its discretion in denying defendants' motion for extension of time to take additional expert testimony where the testimony would have caused unnecessary delay and been duplicative of the testimony already given by Dr. Welborne.

## I. Factual and Procedural History

On 29 November 2001 just after midnight, Charles Gregory McDaniel ("McDaniel") was working at the United Parcel Service ("UPS") hub in Greensboro, North Carolina. As McDaniel walked to his truck he observed David D. Gray ("Gray"), a fellow employee, standing in front of a row of trucks. McDaniel proceeded to his truck and began to perform a safety check. As he performed the safety check McDaniel saw a truck's brake lights, and then it's back up lights come on. The truck began to back up towards McDaniel's truck. McDaniel did not see anyone in the cab of the truck, and honked his horn because he felt he was going to be hit by the moving truck. The truck struck McDaniel's truck. When McDaniel jumped out of his truck, he saw Gray lying on the ground. Gray was lying on his back, and his glasses were three to four inches from his head and appeared to have been run over by the truck. As McDaniel approached Gray, Gray attempted to get up and stated that his head was hurt and that he was cold. McDaniel turned off Gray's truck, returned to Gray, and told him to lie still while McDaniel got help. As McDaniel returned to Gray, an EMS worker began working on Gray. McDaniel heard Gray take his last breath.

Gray was taken to Moses Cone Hospital where he was pronounced dead. His body was sent to Chapel Hill for an autopsy. The autopsy report stated that the most likely cause of death was an acute arrhythmia due to severe coronary atherosclerosis.

On 11 December 2001, UPS filed a "Workers Compensation—First Report of Injury or Illness," Form 1A-1, which stated that Gray "suffered heart attack while backing up tractor & it rolled into another parked UPS tractor." On 15 January 2002, UPS filed a "Denial of Workers' Compensation Claim," Form 61, relating to Gray's case. On 30 April 2002, Mary Gray, Gray's widow ("plaintiff"), filed a "Notice of Accident to Employer and Claim of Employee, Representative, or Dependent," Form 18, stating Gray "fell out of truck striking his head which contributed to a heart attack resulting in his death." On 2 May 2007, plaintiff filed a "Request that Claim be Assigned for Hearing," Form 33.

On 10 March 2010, the North Carolina Industrial Commission filed an opinion and award concluding that Gray's death was a result of an accident sustained in the course of his employment by application of the *Pickrell* presumption, and awarded 400 weeks of death benefits to plaintiff.

UPS and its insurance carrier, Liberty Mutual Insurance Company (collectively "defendants"), appeal.

## II. Compensable Incident

In their first argument, defendants contend the North Carolina Industrial Commission erred in concluding that Gray's death was a compensable injury. We agree.

### A. Standard of Review

"The scope of this Court's review of an Industrial Commission decision is limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Wooten v. Newcon Transp., Inc.*, 178 N.C. App. 698, 701, 632 S.E.2d 525, 528 (2006) (quotation omitted), *disc. review denied*, 361 N.C. 704, 655 S.E.2d 405 (2007).

### B. *Pickrell* Presumption

[1] " 'In order for a claimant to recover workers' compensation benefits for death, he must prove that death resulted from an injury (1) by accident; (2) arising out of his employment; and (3) in the course of the employment.' " *Bason v. Kraft Food Serv., Inc.*, 140 N.C. App. 124, 127, 535 S.E.2d 606, 609 (2000) (quoting *Pickrell v. Motor Convoy, Inc.*, 322 N.C. 363, 366, 368 S.E.2d 582, 584 (1988)). Pursuant to the *Pickrell* presumption "[w]here the evidence shows an employee died within the course and scope of his employment and there is no evidence regarding whether the cause of death was an injury by accident arising out of employment, the claimant is entitled to a presumption that the death was a result of an injury by accident arising out of employment." *Id.* at 127-28, 535 S.E.2d at 609 (citing *Pickrell*, 322 N.C. at 367-68, 368 S.E.2d at 584-85). "In order to rebut the presumption, the defendant has the burden of producing credible evidence that the death was not accidental or did not arise out of employment." *Wooten.* 178 N.C. App. at 703, 632 S.E.2d at 528 (quotation omitted).

In the presence of evidence that death was not compensable, the presumption disappears. In that event, the Industrial Commission

GRAY v. UNITED PARCEL SERVS., INC.

[212 N.C. App. 674 (2011)]

should find the facts based on all the evidence adduced, taking into account its credibility, and drawing such reasonable inferences from the credible evidence as may be permissible, the burden of persuasion remaining with the claimant.

*Pickrell*, 322 N.C. at 371, 368 S.E.2d at 586.

The Commission made the following conclusions of law:

> 2. The greater weight of the evidence in this case shows that the circumstances regarding the work-relatedness of decedent's death are unknown and that the death occurred as a result of an injury by accident sustained in the course of decedent's employment. It is uncontested that decedent was engaged in defendant-employer's business at the time of his death. Accordingly, the Full Commission concludes as a matter of law that the presumption applies in this case. Therefore, the burden shifts to defendants to rebut the presumption. *Pickrell*, 322 N.C. at 371, 368 S.E.2d at 587.
>
> . . . .
>
> 4. The evidence fails to show whether decedent had a heart attack that precipitated his falling from the truck, thereafter causing the subsequent accident, or whether decedent fell from the truck and the fall and subsequent accident caused decedent's heart attack. Therefore, defendants have failed to meet their burden showing that plaintiff's attack occurred prior to and caused plaintiff's injury by accident. Defendants have not successfully rebutted the presumption by coming forward with sufficient, credible evidence that death occurred as a result of a non-compensable cause. *Pickrell*, 322 N.C. 363, 368 S.E.2d 582; *Melton v. City of Rocky Mount*, 118 N.C. App. 249, 454 S.E.2d 704 (1995); *see also, Wooten*, 178 N.C. App. 698, 632 S.E.2d 525. Accordingly, plaintiff is entitled to the *Pickrell* presumption that decedent's cause of death was an injury by accident arising out of the employment.

Defendants' expert witness Dr. Barry Welborne testified that Gray's "employment had no bearing on his death" and that Gray's employment did not contribute at all to his death. Dr. Welborne testified that Gray had an acute cardiac event in the cab of his truck. Dr. Welborne testified that this was the only explanation that could account for Gray's irrational behavior in exiting the moving truck. This testimony supports finding of fact twelve made by the Commission, which found:

Dr. Barry Welborne reviewed the medical records stipulated into evidence in this case and concluded that decedent was suffering from ventricular tachycardia. Based upon his review of the documents admitted into evidence in this case, Dr. Welborne was of the opinion that decedent's employment had no bearing on his death. He further was of the opinion, to a reasonable degree of medical certainty and/or probability, that decedent's employment activities or his employment on the occasion of his death were not a significant contributing factor to his death or a causal factor in his death. The Full Commission notes that Dr. Welborne's opinions are based in large part upon assumptions regarding when decedent began to suffer the heart attack, how and why he exited the truck, whether he was conscious or confused at the time he exited the truck, and other facts, which are the result of mere speculation.

This finding of fact demonstrates that the Commission erred in its legal analysis based upon the *Pickrell* presumption. The first step in the analysis is whether the presumption applies, based upon the facts of the case. The Commission correctly concluded that the presumption was applicable, based upon the fact that plaintiff's intestate died while in the course and scope of his employment, but it was not clear whether his death was the result of an injury by accident arising out of employment. *Pickrell*, 322 N.C. at 368, 368 S.E.2d at 585 ("[T]he presumption is really one of compensability. It may be used to help a claimant carry his burden of proving that death was caused by accident, or that it arose out of the decedent's employment, or both."). The effect of the *Pickrell* presumption was to shift the burden of proof from plaintiff to defendants. The second step in the analysis was to determine whether defendants rebutted the presumption. We hold that as a matter of law, Dr. Welborne's testimony was sufficient to rebut the presumption. In holding that the presumption was not rebutted, the Commission erred. If the *Pickrell* presumption is rebutted, then the Commission must consider the issue of compensability as if the presumption did not exist, with the plaintiff having the burden of proof of showing that the death was a result of an accident arising out of the course and scope of employment.

The Commission erred by conflating the second and third steps of the analysis. Upon remand, the Commission should weigh the evidence under the third step of the *Pickrell* analysis to determine whether plaintiff has met her burden of proof.

### III. Dr. Calkins Testimony

[2] In their second argument, defendants contend that the Commission erred in not granting them an extension of time to take additional testimony, and thereby not considering the testimony of Dr. Calkins, which was preserved and submitted as an offer of proof. We disagree.

### A. Standard of Review

We review the Commission's order denying defendants' motion for an extension of time to take additional expert testimony for an abuse of discretion. *See Legette v. Scotland Mem. Hosp.*, 181 N.C. App. 437, 640 S.E.2d 744 (2007), *appeal dismissed, disc. review denied*, 362 N.C. 177, 658 S.E.2d 273 (2008); *Harris-Offut v. N.C. Bd. of Licensed Prof'l Counselors*, No. COA04-1417, 2005 N.C. App. LEXIS 1469, at *6 (unpublished).

### B. Analysis

The Commission did not abuse its discretion in denying defendants' motion for an extension of time to take additional expert testimony. The Commission denied this motion based on the fact that it would create unnecessary delay and would be duplicative of the testimony already offered by Dr. Welborne.

The death that was the basis of this claim took place on 29 November 2001. The Commission denied defendants' motion on 24 March 2009. At that time the case was already over seven years old. We hold it was not an abuse of discretion for the Commission to deny defendants' motion.

Further, in their motion defendants' stated that Dr. Calkins was:

> prepared to testify that Mr. Gray's fall from the truck on the night in question had nothing to do with the development of the cardiac arrhythmias and sudden cardiac death which Mr. Gray suffered on the evening in question and that his employment with UPS was causally unrelated to his death.

This does not differ from the testimony of Dr. Welborne. The Commission did not abuse its discretion in denying defendants' motion on the basis that the expected testimony was duplicative of that already offered by Dr. Welborne.

REVERSED and REMANDED in part, AFFIRMED in part.

Judges ELMORE and ERVIN concur.