HUTCHENS v. LEE

[221 N.C. App. 622 (2012)]

———————————

JAMES HUTCHENS, EMPLOYEE, PLAINTIFF v. ALEX LEE, EMPLOYER, SELF-INSURED (BROADSPIRE, A CRAWFORD CO., SERVICING AGENT), DEFENDANT

No. COA12-112

(Filed 17 July 2012)

**1. Workers' Compensation—findings of fact—supported by competent evidence—credibility and weight of evidence— reserved to Commission**

Findings of fact challenged by defendant employer in a workers' compensation case were supported by competent evidence. Rather than the competence of the evidence, defendant

employer's argument raised issues of credibility and weight, which are reserved to the Commission.

**2. Workers' Compensation—disability—findings of fact not supported by evidence—conclusion of disability not supported**

The Industrial Commission erred in a workers' compensation case by concluding that plaintiff-employee established disability. There was no evidence about plaintiff's education, experience, training, or vocational skills to support finding of fact 33. Absent this finding, the Commission's conclusion of law that plaintiff met his burden of establishing ongoing disability was not supported.

**3. Workers' Compensation—opinion and award—order—not in conflict**

The Industrial Commission did not err in a workers' compensation case by issuing an October 2011 opinion and award which allegedly conflicted with the Commission's 6 January 2010 order. There was no "direct conflict" (or indeed, any conflict) between the Commission's order and its opinion and award.

Appeal by Defendant-employer from opinion and award filed 5 October 2011 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 June 2012.

*Franklin Smith for Plaintiff.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by J.A. Gardner, III, M. Duane Jones, and Dana Moody Leonard, for Defendant.*

STEPHENS, Judge.

### Procedural History

Plaintiff-employee James Hutchens ("Employee") contends he sustained an injury by accident on 12 December 2006 while working as a delivery driver for Defendant-employer Alex Lee ("Employer"). Employer denied that Employee's injury was compensable, and in July 2007, Employee requested that his claim be assigned for hearing. On 15 May 2009, a deputy commissioner issued an opinion and award denying Employee's claim. Specifically, the deputy commissioner concluded that Employee had shown that he sustained an injury to his back, to wit, a back strain, as a result of a specific traumatic incident occurring on 12 December 2006 in the course of his work-

related duties, but that Employee's back strain had resolved. The deputy commissioner further concluded that Employee had experienced the onset of a different back condition sometime prior to 10 April 2007.

Employee appealed to the Full Commission, which on 6 January 2010 issued an order remanding the matter to the chief deputy commissioner "for the taking of evidence on whether [Employee] sustained a specific traumatic incident of the work assigned during a cognizable period of time on or about April 6, 2007." Employer filed a motion to reconsider, arguing that the Industrial Commission lacked jurisdiction to consider any workers' compensation claim purportedly arising from any incident on 6 April 2007 because Employee had failed to timely file a claim for any such alleged injury pursuant to N.C. Gen. Stat. § 97-24. On 28 June 2011, the Full Commission granted the motion, such that no further evidence was taken.

On 5 October 2011, the Full Commission issued an opinion and award concluding that Employee sustained a compensable injury by accident to his lower back on 12 December 2006 and that the medical treatment Employee sought beginning in April 2007 was causally related to the December 2006 injury. Employee was awarded temporary total disability and medical expenses. Employer appeals.

*Factual Background*

One of Employee's duties was unloading food items from his truck at customers' business locations. On 12 December 2006, while making a delivery to a customer, Employee found that boxes of frozen foods had shifted in transit. As Employee bent over and attempted to pick up a box of frozen turkeys weighing approximately 40 pounds, he felt a sharp pain in his low back radiating down into his right leg. Employee reported the incident to Employer, but completed his deliveries for the day.

Employee sought medical attention that day at Catawba Valley Medical Center and was diagnosed with a lumbar strain and released to work with restrictions. After a follow-up medical appointment with Dr. Albert Osbahr on 15 December 2006, Employee was released to work without restrictions and assigned a zero percent permanent partial impairment rating to his back. Employee continued regular work duties for Employer and did not seek any further medical treatment for his back until 10 April 2007. On that date, Employee saw Phillip Killian, a physician's assistant in Dr. Osbahr's office, complaining of

HUTCHENS v. LEE

[221 N.C. App. 622 (2012)]

soreness in his groin and low back and shooting pain in his right leg. Employee was assigned work restrictions of lifting no more than ten pounds. Following another appointment with Dr. Osbahr's clinic on 17 April 2007, Killian continued Employee's work restrictions. After another visit in May 2007, Dr. Osbahr completed a workers' compensation medical status questionnaire on which he noted that Employee's 12 December 2006 back injury had completely resolved as of 15 December 2006, and that the new back symptoms were unrelated to the workplace injury.

On 1 June 2007, Employee saw Dr. Richard Adams, an orthopedic surgeon. Dr. Adams recorded a different history from Employee, in particular that the back pain which began after the 12 December 2006 workplace injury had continued to radiate down Employee's leg until 7 April 2007 when Employee reinjured his back while lifting at work. Following an MRI and physical examination, Dr. Adams diagnosed an extruded disk fragment to the right of midline at L4-L5, with probable right nerve impingement. Dr. Adams opined that Employee's April 2007 symptoms likely related back to the 12 December 2006 injury.

## Standard of Review

The Workers' Compensation Act provides that the Industrial Commission is the sole judge of the credibility of the witnesses and the weight of the evidence. We have repeatedly held that the Commission's findings of fact are conclusive on appeal when supported by competent evidence, even though there be evidence that would support findings to the contrary. Further, the evidence tending to support [the] plaintiff's claim is to be viewed in the light most favorable to [the] plaintiff, and [the] plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence. Appellate review of an opinion and award from the Industrial Commission is generally limited to determining (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact.

*Davis v. Harrah's Cherokee Casino*, 362 N.C. 133, 137-38, 655 S.E.2d 392, 394-95 (2008) (citations, quotation marks, and brackets omitted).

## Discussion

On appeal, Employer argues that: (1) findings of fact 28 and 29 are not supported by competent evidence, and that, without those findings of fact, there is no support for the Commission's conclusion

of law that the symptoms and conditions for which Employee sought treatment beginning in April 2007 relate back to the compensable 12 December 2006 injury by accident; (2) the conclusion of law that Employee has been disabled since June 2007 is not supported by the findings of fact; and (3) the October 2011 opinion and award conflicts with the Commission's 6 January 2010 order. We affirm in part and reverse in part.

### Findings of Fact 28 and 29

[1] Employer first contends that findings of fact 28 and 29 are not supported by competent evidence. We disagree.

Employer challenges the following portions of these two findings of fact:

28. . . . [Employee] sustained a compensable injury on December 12, 2006 resulting in a disc injury, which caused sharp pain in his lower back that went down his right leg for which he sought medical treatment in December 2006, that after he returned to work in approximately a week he continued to have intermittent, nagging type pain in his right lower back, and that his disc injury progressed to a disc herniation at L4-L5, causing a flare-up of severe pain in April 2007 and continuing.

29. . . . [T]he medical treatment [Employee] received in April 2007 and thereafter from Dr. Adams and Catawba Valley Medical Center for his lumbar spine condition was causally related to his December 12, 2006 injury and was reasonably required to effect a cure, provide relief and/or lessen his disability.

Specifically, while Employer acknowledges that Dr. Adams gave testimony that would support these findings of fact, it asserts that his testimony was "based upon speculation" and the "faulty" history Employee gave to Dr. Adams, which Employer contends "is not supported by the competent evidence in the Record."

In cases involving complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury. However, when such expert opinion testimony is based merely upon speculation and conjecture, . . . it is not sufficiently reliable to qualify as competent evidence on issues of medical causation. The evidence must be such as to take the case out of the realm of conjecture and remote possibility, that is, there must

be sufficient competent evidence tending to show a proximate causal relation.

*Holley v. ACTS, Inc.*, 357 N.C. 228, 232, 581 S.E.2d 750, 753 (2003) (citations, quotation marks, and brackets omitted). In sum, while a reasonable degree of medical certainty is required to establish causation, absolute certainty is not. *Id.* at 234, 581 S.E.2d at 754.

Our review of the record reveals that, when asked how Employee's disc herniation related to Employee's work, Dr. Adams testified, "[M]y opinion is that . . . the strain on his back [from December 2006] was the problem that resulted in the disc herniating." Later, on cross-examination, Dr. Adams agreed that there was "no way [to] 100% know that [the December 2006 injury caused the symptoms which led to Employee's need for medical treatment in April 2007]" and that "[t]here's no way of being sure [about causation]." However, as noted *supra*, absolute certainty is not required to establish causation. Further, Dr. Adam's opinion that Employee's disc herniation was the result of his December 2006 compensable injury by accident was not "based merely upon speculation and conjecture[,]" but rather was based upon, *inter alia*, an MRI, Employee's medical records and history, Dr. Adams' examination of Employee, and Dr. Adams' expertise in orthopedic medicine.

Employer also contends that Dr. Adams' opinion was not competent because it was based in part on the history Employee gave Dr. Adams, which Employer asserts omitted important information Employee provided to Dr. Osbahr, especially regarding the onset of Employee's symptoms in April 2007. We are not persuaded. At a 15 December 2006 visit with Dr. Osbahr, Employee rated his back pain level as one out of ten and reported feeling almost back to normal, suggesting that his injury had resolved. Employee then received no medical treatment until his 10 April 2007 visit to Dr. Osbahr's clinic, at which time Employee reported increased soreness the prior Friday, with a severe shooting pain from his groin into his right leg as he attempted to get out of bed. In contrast, during his 1 June 2007 appointment with Dr. Adams, Employee reported that the pain radiating down his right leg had never resolved, but rather had continued from December 2006 until April 2007. In forming his opinion about the causal connection between Employee's compensable injury and his April 2007 symptoms, Dr. Adams did not review records of Employee's prior medical treatment or consider the medical history Employee gave Dr. Osbahr.

"The opinion of a physician is not rendered incompetent merely because it is based wholly or in part on statements made to him by the patient in the course of treatment or examination." *Adams v. Metals USA*, 168 N.C. App. 469, 476, 608 S.E.2d 357, 362, *affirmed*, 360 N.C. 54, 619 S.E.2d 495 (2005); *see also Jenkins v. Pub. Serv. Co. of N.C.*, 134 N.C. App. 405, 410, 518 S.E.2d 6, 9 (1999) ("A physician's diagnosis often depends on the patient's subjective complaints, and this does not render the physician's opinion incompetent as a matter of law."), *reversed in part on other grounds*, 351 N.C. 341, 524 S.E.2d 805 (2000). Employer cites no authority that, in forming an expert medical opinion, a physician *must* consider or rely upon the medical records of another treating physician, and we know of none.

Rather than the *competence* of the evidence, Employer's argument raises issues of *credibility and weight*, which are reserved to the Commission. *See, e.g., Davis*, 362 N.C. at 137, 655 S.E.2d at 394 ("[T]he Industrial Commission is the sole judge of the credibility of the witnesses and the weight of the evidence."). In determining causation, the Commission had before it testimony from Employee and both doctors, including testimony highlighting the differences in the histories Employee gave to each physician and the bases of each physician's opinion regarding causation. In light of the Commission's findings of fact and conclusions of law, it apparently determined that Dr. Adams' opinion regarding causation was the most credible, even with full knowledge that (1) Employee gave Dr. Adams a medical history that differed in relevant respects from that given to Dr. Osbahr and (2) Dr. Adams had declined to consider these inconsistencies in forming his expert opinion. We may not second-guess the Commission on this point. *Hill v. Hanes Corp.*, 319 N.C. 167, 172, 353 S.E.2d 392, 395 (1987). Employer's arguments are overruled.

### Conclusion of Ongoing Disability

[2] Employer also argues that Employee failed to meet his burden of proof in establishing his disability. We agree.

Employer contends that no competent evidence supports the Commission's finding of fact 33 "that due to [Employee]'s medical condition which may require surgery, his physical limitations and his work restrictions resulting from his workplace injury and his past work history and vocational skills, it would have been futile for [Employee] to seek employment since the date he left work."[1]

---

1. Employee's *only* response to Employer's argument on this issue is that the Commission "properly" made this finding of fact. Employee cites no authority in sup-

To establish disability,

> [t]he burden is on the employee to show that he is unable to earn the same wages he had earned before the injury, either in the same employment or in other employment. The employee may meet this burden [by, *inter alia*,] the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment[.]

*Russell v. Lowes Prod. Distrib.*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (citations omitted).

Here, the record contains competent evidence that Employee, who was forty-two years old at the time of the Commission's decision, would likely need surgery and had physical limitations and work restrictions. However, the record contains almost no evidence about Employee's work history and none about his vocational skills. Employee did testify that, before working for Employer, he worked at Pilgrim's Pride of North Wilkesboro, but there are no details about what type of work he performed there. Beyond testimony from Employer's loss prevention and safety manager that Employee performed filing and paperwork duties after his December 2006 injury (suggesting he may have some basic clerical skills), our review reveals no evidence about Employee's education, experience, training, or vocational skills. Accordingly, the above-quoted portion of finding of fact 33 is not supported by competent evidence. *Compare, e.g., Bridges v. Linn-Corriher Corp.*, 90 N.C. App. 397, 400-01, 368 S.E.2d 388, 390-91 (holding evidence that the employee was sixty-one years old with a fifth-grade education, skilled only in work he was physically unable to perform, afflicted with an easily aggravated breathing condition, and had attempted but was unable to obtain employment sufficient to show the employee's impaired earning capacity), *disc. review denied*, 323 N.C. 171, 373 S.E.2d 104 (1988). Absent this finding of fact, the Commission's conclusion of law that Employee met his burden of establishing ongoing disability is not

---

port of his lone statement that the Commission's finding of disability was "proper[.]" Indeed, Employee's entire brief is no more than a recitation of the Commission's findings and conclusions. Employee's brief woefully fails to comply with our Rules of Appellate Procedure. N.C.R. App. P. 28(a) ("The function of all briefs required or permitted by these rules is to define clearly the issues presented to the reviewing court and *to present the arguments and authorities upon which the parties rely* in support of their respective positions thereon.") (emphasis added). As such, Employee's brief offers no assistance to this Court in the resolution of the issues raised by this appeal.

supported, and accordingly, the Commission's award of temporary total disability is reversed.

### 6 January 2010 Order

[3] In its final argument, Employer contends that the October 2011 opinion and award conflicts with the Commission's 6 January 2010 order. We disagree.

In its 6 January 2010 order, the Commission found that good grounds existed to remand to the deputy commissioner section for gathering "evidence on whether [Employee] sustained a specific traumatic incident of the work assigned . . . on or about April 6, 2007." The order also noted that such incident "could be" a specific traumatic event and the cause of Employee's subsequent disc herniation and medical symptoms. However, as noted *supra,* the Full Commission granted Employer's motion to reconsider, based on Employer's position that the Commission lacked jurisdiction to hear any claim involving an April 2007 injury, and no additional evidence was taken. In its 5 October 2011 opinion and award, the Commission found and concluded that Employee's disc herniation and other symptoms beginning in April 2007 were caused by the 12 December 2006 compensable injury by accident.

We see no "direct conflict" (or indeed, any conflict) between the Commission's order and its opinion and award. The order only noted that an incident in April 2007 "*could be*" the cause of Employee's medical condition; the opinion and award reflects the Commission's ultimate determination that it was not. We reject this argument.

The Commission's 5 October 2011 opinion and award is

AFFIRMED IN PART; REVERSED IN PART.

Judges BRYANT and THIGPEN concur.