**GRAY v. UNITED PARCEL SERV., INC.**

[226 N.C. App. 15 (2013)]

MARY GRAY, WIDOW OF DAVID GRAY, DECEASED, EMPLOYEE, PLAINTIFF
v.
UNITED PARCEL SERVICE, INC., EMPLOYER, AND LIBERTY MUTUAL INSURANCE
COMPANY, CARRIER, DEFENDANTS

No. COA12-1029

Filed 19 March 2013

1. **Workers' Compensation—heart attack—not an injury by accident arising out of employment**

   The Industrial Commission did not err in a workers' compensation case by denying plaintiff widow benefits. Numerous findings of fact were made justifying the Commission's conclusion of law that decedent's heart attack was not the result of an accident arising out of his employment.

2. **Workers' Compensation—doctor's testimony—Commission the sole judge of credibility of witnesses**

   The Industrial Commission did not err in a workers' compensation case by concluding a doctor's testimony was speculative. Regardless of whether the Commission deemed it speculative, the Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.

3. **Workers' Compensation—conclusion of law—mischaracterization of conclusion**

   The Industrial Commission did not err in a workers' compensation case by entering its conclusion of law number five. Plaintiff's argument was a mischaracterization of the Commission's conclusion.

Appeal by plaintiff from Opinion and Award of the Full Commission entered 10 May 2012 by the North Carolina Industrial Commission. Heard in the Court of Appeals 9 January 2013.

*Teague Rotenstreich Stanaland Fox & Holt, PLLC, by Lyn K. Broom and Kara V. Bordman, for plaintiff-appellant.*

*Hedrick Gardner Kincheloe & Garofalo, LLP, by J. A. Gardner, Jennifer I. Mitchell, and M. Duane Jones, for defendant-appellees.*

BRYANT, Judge.

**GRAY v. UNITED PARCEL SERV., INC.**

[226 N.C. App. 15 (2013)]

Where competent evidence supports the findings of fact and where the findings of fact justify the conclusions of law, we affirm the opinion and award of the Industrial Commission, denying benefits to plaintiff under the Workers' Compensation Act.

### Facts and Procedural History

On 29 November 2001, David D. Gray was working at the United Parcel Service ("UPS") hub in Greensboro, North Carolina. Charles Gregory McDaniel, a fellow employee of Mr. Gray, testified that as he was walking to his truck[1], he observed Mr. Gray standing in front of a row of trucks. McDaniel proceeded to get into his truck and began performing a safety check. As he was performing this check, McDaniel saw the brake lights and back-up lights of Mr. Gray's truck turn on.

McDaniel saw Mr. Gray's truck approaching his truck but did not see anyone in the cab of the truck. McDaniel blew his horn but the truck continued to back up until it struck McDaniel's truck. McDaniel jumped out and saw Mr. Gray lying on the ground. Mr. Gray was lying on his back, his glasses were three to four inches away from his head and they were flattened.

As McDaniel approached Mr. Gray, Mr. Gray attempted to get up and stated that he was cold. McDaniel turned off Mr. Gray's truck and then witnessed Mr. Gray attempt to get up again. McDaniel told Mr. Gray to lie still while he went to get help. Another witness to the incident, who was also an emergency medical technician, began assisting Mr. Gray. McDaniel testified that he heard Mr. Gray take his last breath and proceeded to perform CPR on Mr. Gray.

Mr. Gray was taken to Moses Cone Hospital where he was pronounced dead. Dr. John D. Butts, performed an autopsy on Mr. Gray and listed the cause of death as coronary atherosclerosis.

On 11 December 2001, UPS filed a Form 1A-1, "Workers Compensation – First Report of Injury or Illness," which reported that Mr. Gray "suffered [a] heart attack while backing up [truck] and it rolled into another parked UPS [truck]." On 15 January 2002, the North Carolina Industrial Commission filed a Form 61, "Denial of Workers' Compensation Claim," denying the claim. After an investigation, the Industrial Commission determined that "the cause of death was not the result of an injury by accident. The fatality did not arise out of or in the course and scope of employment. Nor is it listed as an occupational disease."

---

1. The parties, witnesses, and Commission use the terms "truck" and "tractor" interchangeably. For ease of reading, we will use the term "truck."

On 30 April 2002, plaintiff Mary Gray, widow of Mr. Gray, filed a Form 18, "Notice of Accident to Employer and Claim of Employee, Representative, or Dependent," stating that Mr. Gray "fell out of [his] truck striking his head which contributed to a heart attack resulting in his death." On 3 May 2007, plaintiff filed a Form 33, "Request that Claim be Assigned for Hearing."

Following a hearing on 29 October 2008, the North Carolina Industrial Commission entered an Opinion and Award on 25 June 2009 awarding benefits to plaintiff. Defendants UPS and Liberty Mutual Insurance Company appealed to the Full Commission. On 10 March 2010, the Full Commission entered an Opinion and Award affirming the award of benefits to plaintiff. On 9 April 2010 defendants appealed to the North Carolina Court of Appeals.

In *Gray v. UPS*, __ N.C. App. __, __, 713 S.E.2d 126 (2011) ("*Gray I*"), our Court reversed and remanded in part and affirmed in part, holding that the Industrial Commission erred in concluding that Mr. Gray's death was a compensable injury. *Id.* at __, 713 S.E.2d at 127-30. We held that the *Pickrell* presumption[2] applied "based upon the fact that plaintiff's intestate died while in the course and scope of his employment, but it was not clear whether his death was the result of an injury by accident arising out of employment." *Id.* at __, 713 S.E.2d at 129. Because the presumption was rebutted by the testimony of defendants' expert witness, Dr. Barry Welborne, we held that "the Commission must consider the issue of compensability as if the presumption did not exist, with the plaintiff having the burden of proof of showing that the death was a result of an accident arising out of the course and scope of employment." *Id.*

Plaintiff filed a petition for discretionary review and petition for writ of certiorari to the North Carolina Supreme Court on 26 July 2011 both of which were denied.

---

2. Pursuant to the *Pickrell* presumption "[w]here the evidence shows an employee died within the course and scope of his employment and there is no evidence regarding whether the cause of death was an injury by accident arising out of employment, the claimant is entitled to a presumption that the death was a result of an injury by accident arising out of employment. In order to rebut the presumption, the defendant has the burden of producing credible evidence that the death was not accidental or did not arise out of employment. In the presence of evidence that death was not compensable, the presumption disappears. In that event, the Industrial Commission should find the facts based on all the evidence adduced, taking into account its credibility, and drawing such reasonable inferences from the credible evidence as may be permissible, the burden of persuasion remaining with the claimant." *Gray I*, __ N.C. App. at __, 713 S.E.2d at 128 (citations omitted).

On 10 May 2012, the Full Commission entered an Opinion and Award, denying plaintiff's claim for benefits[3]. From this Opinion and Award, plaintiff appeals.

---

Plaintiff presents the following issues on appeal: whether the Full Commission erred (I) in concluding that Mr. Gray's injuries and resulting death were not compensable; (II) in concluding that Mr. Gray's heart attack and death were not the result of an accident arising out of or in the course of his employment; (III) in applying an incorrect medical causation standard; and (IV) in concluding that Dr. Charles Walker Harris, Jr.'s testimony was speculative.

### Standard of Review

On appeal of cases from the Industrial Commission, our review is limited to two issues: Whether the Commission's findings of fact are supported by competent evidence and whether the Commission's conclusions of law are justified by its findings of fact. Because it is a fact-finding body, the Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony. The Commission's findings of fact are conclusive on appeal if they are supported by any competent evidence. Accordingly, this Court does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.

*Shaw v. US Airways, Inc.*, __ N.C. App. __, __, 720 S.E.2d 688, 690 (2011) (citation omitted).

### I and II

[1] Plaintiff argues the trial court erred by denying her benefits under the Workers' Compensation Act. Specifically, plaintiff asserts that she has met her burden of proof by showing that Mr. Gray's death was the result of an accident arising out of the course and scope of his employment, and therefore, that his injury and resulting death were compensable.

---

3. Commissioners Linda Cheatham and Pamela T. Young issued the Opinion and Award denying plaintiff's claim for benefits. Commission Christopher Scott issued a dissent on 4 May 2012, finding Mr. Gray's injuries and death to be compensable.

At the outset, we note that plaintiff does not challenge any of the Full Commission's findings of fact or conclusions of law. Because plaintiff does not dispute the findings of fact, they are binding on appeal. *See Coffey v. Weyerhaeuser Co.*, __ N.C. App. __, __, 720 S.E.2d 879, 881 (2012). Plaintiff does, however, argue that she has met her burden of persuasion by producing sufficient evidence to demonstrate that Mr. Gray's heart attack was the result of an accident arising out of his employment. In essence, plaintiff is asking our Court to re-weigh the evidence presented before the Full Commission and to assign greater weight to the evidence presented in plaintiff's favor. We reject this argument.

For purposes of our review, we do "not have the right to weigh the evidence and decide the issue on the basis of its weight." *Shaw*, __ N.C. App. at __, 720 S.E.2d at 690 (citation omitted). Because the findings are binding on appeal, our review is limited to whether the Commission's conclusions of law are justified by its findings.

"The North Carolina Workers' Compensation Act [(the Act)] provides that an employee's death is compensable only when such death results from an injury 'arising out of' and 'in the course and scope of' his employment." *Roman v. Southland Transp. Co.*, 350 N.C. 549, 551, 515 S.E.2d 214, 216 (1999) (citation omitted).

> Section 97-2(6) of the North Carolina General Statutes states the definition of injury under the [Act] and articulates the controlling rule in the case *sub judice*: " 'Injury and personal injury' shall mean only injury by accident arising out of and in the course of the employment. . . ." N.C.G.S. § 97-2(6) (2005). " 'Arising out of employment' refers to the manner in which the injury occurred, or the origin or cause of the accident." . . . "Thus the injury must spring from the employment in order to be compensable under the Act."

*Frost v. Salter Path Fire & Rescue*, 361 N.C. 181, 184-85, 639 S.E.2d 429, 432 (2007) (citations omitted). The claimant has the burden of proving that his claim is compensable. *Henry v. A.C. Lawrence Leather Co.*, 231 N.C. 477, 479, 57 S.E.2d 760, 761 (1950) (citation omitted).

In the case *sub judice*, numerous findings of fact were made justifying the Commission's conclusion of law that "[Mr. Gray's] heart attack was not the result of an accident arising out of his employment." The Commission found that the autopsy of Mr. Gray, performed by Dr. John D. Butts, listed the cause of his death as coronary atherosclerosis.

Dr. Butts also opined that the cause of death was the result of acute cardiac arrhythmia due to severe coronary atherosclerosis. Importantly, the Commission found that there was insufficient evidence to determine whether decedent's death was caused by an injury by accident arising out of his employment. "Specifically, there [was] insufficient evidence of record by which to determine whether [Mr. Gray's] cardiac event occurred prior to and independent of his fall, or whether [Mr. Gray's fall] and the events which following precipitated his cardiac event." The Commission also found that Dr. Welborne "expressed his 'strong' opinion to a reasonable degree of medical certainty that [Mr. Gray's] 'employment had no bearing on his death' and did not in any way contribute to his death." Dr. Welborne "opined that [Mr. Gray's] fall from his truck did not cause or contribute to his heart attack, noting that a fall was not an accepted cause of heart attack." The Commission ultimately found that based upon the preponderance of the evidence in view of the entire record, that plaintiff had failed to carry her burden of proof to show that Mr. Gray's death was the result of an accident *arising out of* the course and scope of his employment.

Based on the foregoing, plaintiff's arguments are overruled.

*III*

[2] Next, plaintiff argues that the expert testimony of Dr. Charles W. Harris, Jr., pertaining to the causation of Mr. Gray's injuries was to a reasonable degree of medical certainty and was not merely speculative. Plaintiff contends that the mischaracterization of Dr. Harris' testimony "should not undermine Dr. Harris's opinion testimony that the major cardiac event started or was hastened after his fall from the UPS truck, establishing a causal link to the cause of injury."

Here, the Commission found that although Dr. Harris opined that Mr. Gray's heart attack started after he fell from his truck, Dr. Harris eventually admitted that the basis for his opinion was personal experience rather than his knowledge of epidemiology or pathology associated with cardiovascular disease. The Commission also found that Dr. Harris later acknowledged that there was no way to know, "with the evidence or with my experience, whether he was having a heart attack in the truck or after he fell out of the truck" and that "he could not be certain why [Mr. Gray] fell out." Finding of fact number 20 states that "[w]hile he offered several possible scenarios . . . he ultimately agreed that he did not have a medical explanation for why [Mr. Gray] fell out."

However, regardless of whether the Commission deemed Dr. Harris' testimony as speculative or not, our task is limited to determining

whether the findings are supported by competent evidence and whether the conclusions of law are justified by its findings of fact. *Shaw*, ___ N.C. App. at ___, 720 S.E.2d at 690. "The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Adams v. AVX Corp.*, 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) (citation omitted).

Because we have held in issues *I* and *II* that the findings of fact supported the Commission's conclusion that "[Mr. Gray's] heart attack was not the result of an accident arising out of his employment[,]" plaintiff's argument is overruled.

*IV*

[3] Plaintiff argues that the Commission erred by entering conclusion of law number five in its Opinion and Award entered 10 May 2012. Plaintiff contends that the "medical certainty" standard applied by the Commission was in error.

First, we note that plaintiff's argument is a mischaracterization of the Commission's conclusion. The Commission's conclusion of law number five provides the following:

> North Carolina law requires that where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury. *Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 265 S.E. 2d 389 (1980). Additionally, "the entirety of causation evidence" must "meet the reasonable degree of medical certainty standard necessary to establish a causal link." *Holley v. ACTS, Inc.*, 357 N.C. 228, 234, 581 S.E.2d 750, 754 (2003); *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 538 S.E.2d 912 (2000). "Although medical certainty is not required, an expert's 'speculation' is insufficient to establish causation." *Holley*, 357 N.C. at 234, 581 S.E.2d 754.

A reading of the Commission's conclusion of law number five clearly states that "medical certainty" is *not* required. As noted by the Commission, it is well established that

> [i]n cases involving complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury. However, when such

**HARDISON v. KIA MOTORS AM., INC.**

[226 N.C. App. 22 (2013)]

expert opinion testimony is based merely upon specula-
tion and conjecture, . . . it is not sufficiently reliable to
qualify as competent evidence on issues of medical causa-
tion. The evidence must be such as to take the case out
of the realm of conjecture and remove possibility, that is,
there must be sufficient competent evidence tending to
show a proximate causal relation.

*Hutchens v. Lee*, __ N.C. App. __, __, 729 S.E.2d 111, 114 (2012) (citing
*Holley*, 357 N.C. at 232, 581 S.E.2d at 753).

Based on the foregoing, plaintiff's arguments are overruled and the
Opinion and Award of the Commission is affirmed.

Affirmed.

Judges CALABRIA and GEER concur.

